*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DEJUAN OLIVER,

       Defendant-Appellant.

UNPUBLISHED
January 23, 2020

No. 344017
Wayne Circuit Court
LC No. 17-004464-01-FH

Before: K. F. KELLY, P.J., and BORRELLO and SERVITTO, JJ.

PER CURIAM.

Defendant was charged with one count of carrying a concealed weapon (CCW), MCL 750.227. He appeals as of right his bench trial conviction of obtaining a pistol without a license, MCL 750.232a. On appeal, defendant argues, and the State commendably concurs, that there was insufficient evidence to convict defendant for the charge on which the trial judge ultimately rendered judgment. We concur with the arguments put forward by the State and the defendant. Hence, for the reasons set forth in this opinion, we vacate defendant's conviction and sentence.

## I. BACKGROUND

This case arises out of events that occurred during the evening of April 13, 2017 in Detroit, Michigan. On that date, Detroit Police Officer Brandon Washington was in the area of Tracey Street and Eton Street around 10:00 p.m. On Tracey Street, Officer Washington noticed approximately five men standing in the street and a pickup truck parked away from the curb with several alcoholic beverage bottles in the bed of the truck. The truck appeared to be parked more than 12 inches away from the curb, which is a ticketable offense. Officer Washington approached the driver's window of the truck; he identified the person inside as defendant. Officer Washington then illuminated the inside of the truck with his flashlight and observed the handle of a handgun on the driver's side floorboard inside the truck. He asked defendant whether he had a concealed pistol license, and defendant did not respond. Officer Washington asked defendant to step out of the truck. Once defendant was out of the truck, Officer Washington discovered the handgun on the floorboard inside the truck, took it into evidence, and placed defendant under arrest.

At trial, at the request of the trial court, the parties stipulated that the handgun found by Officer Washington was registered to defendant. The trial court found defendant guilty, not of CCW as charged, but of obtaining a pistol without a license, stating "[t]he reservation that I have about finding defendant guilty as charged is that the gun was registered to him…[b]ut he should have had a license for it, so I will find him guilty of obtaining a pistol without a license." Defendant was sentenced to 6 months' probation for the conviction. This appeal then ensued.

## II. ANALYSIS

On appeal, defendant raises two issues: first that his due process rights were violated, and second, that there was insufficient evidence to convict him. Because the State concedes that there was insufficient evidence to properly convict defendant for obtaining a pistol without a license, rendering defendant's due process claim moot, we confine our opinion to an examination of whether sufficient evidence was presented to support defendant's conviction.

This Court reviews a challenge to the sufficiency of the evidence de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). "This Court must determine whether the evidence was sufficient to justify a rational trier of fact's conclusion that the evidence proved the essential elements of the crime beyond a reasonable doubt." *Id.*

Defendant argues, and the State concurs, that there was insufficient evidence to convict defendant under MCL 750.232a. MCL 750.232a prohibits obtaining a pistol without following the procedures for licensing and registration set forth in MCL 28.422. However, at the request of the trial court during trial, the parties stipulated that the gun was registered to defendant. By stipulating that the gun was registered in his name, the parties arguably stipulated that defendant had obtained a license to purchase the gun, because, under MCL 28.422, a gun is not registered unless it is first legally purchased with a license to purchase. MCL 28.422. The parties further agree that there was no evidence submitted to the trial court from which a trier of fact could determine, beyond a reasonable doubt, that defendant did not follow the procedures for legally obtaining the gun. As the State concedes, there was no evidence submitted as to how defendant obtained the gun at all, legally or otherwise. On this record, we concur with the parties that there was insufficient evidence to prove that defendant illegally obtained a gun in violation of MCL 28.422, a finding necessary for a conviction under MCL 750.232a. Accordingly, defendant's conviction and sentence are vacated.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto